**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| YES ON PROP B, COMMITTEE IN SUPPORT OF THE EARTHQUAKE SAFETY AND EMERGENCY RESPONSE BOND; TODD DAVID, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant-Appellee. | No. 20-15456 <br><br> D.C. No. 3:20-cv-00630-CRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted September 18, 2020
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and HUNSAKER, Circuit Judges.

Yes on Prop B and its principal officer and treasurer, Todd David, appeal the

district court's partial denial of their request for a preliminary injunction. They

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

sought to enjoin enforcement of Proposition F, which expanded existing state campaign advertisement disclaimer requirements in San Francisco. After Appellee City and County of San Francisco conceded that Proposition F imposed impermissible burdens on some of Appellants' advertisements, the district court enjoined enforcement of Proposition F as it applied to Appellants' short-form print, radio, and television political advertisements. Appellants appeal the denial of the remainder of their requested injunctive relief. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Because we conclude that this dispute is moot, we dismiss without reaching the merits.

Appellants acknowledge their claim is moot because the election in which they wished to advertise has taken place, but they argue that their request for injunctive relief falls within the exception for cases that are "capable of repetition, yet evading review." *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990). We agree that Appellants satisfy the duration requirement because the election prevented their claim from being fully litigated prior to cessation. *See Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003) ("[T]he inherently brief duration of an election is almost invariably too short to enable full litigation on the merits."). However, on the record before us, they have not shown that "there is a reasonable expectation that the same complaining party will be subject to the same action

2

again." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (internal quotation marks omitted).

Yes on Prop B and David have each indicated they intend to participate in future elections, including the November 2020 election. But the record is devoid of any detail indicating that Appellants would engage in the type of conduct subject to Proposition F—i.e., running advertisements. This is particularly significant where the November 2020 election is only a few weeks away and Appellants still have not provided any specificity as to how they plan to be "active" in this election.

At best, Appellants have shown only that there is a theoretical possibility that the same controversy will recur with respect to them. *Cf. FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 463 (2007) (finding the reasonable expectation prong satisfied where Wisconsin Right to Life had "credibly claimed that it planned on running materially similar future targeted broadcast ads") (internal quotation marks omitted). Accordingly, Appellants have not met the reasonable expectation requirement, and the "capable of repetition yet evading review" exception does not apply.

For essentially the same reasons, the record does not support third-party standing for Appellants under the First Amendment overbreadth doctrine. *See*

*Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1099 (9th Cir. 2000) ("[A]

litigant cannot sustain an overbreadth . . . claim if he no longer has a personal

interest in the outcome which itself satisfies the case or controversy requirement.").

**DISMISSED.**